```
                   United States District Court
                     District of Massachusetts
_____
                               )
GINA MARTIN,                   )
       Plaintiff,              )
                               )
       v.                      )   Civil Action No.
                               )   09-11609-NMG
MEAD JOHNSON NUTRITION COMPANY )
and MEAD JOHNSON & COMPANY,    )
       Defendants.             )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff Gina Martin brings a class action lawsuit against Mead Johnson Nutrition Company ("MJNC") and Mead Johnson & Company (collectively "the Defendants") alleging that they have engaged in unlawful and deceptive advertising of their product Enfamil LIPIL®. The Defendants have filed motions to dismiss and to strike.

After consideration of the Report and Recommendation ("the R & R") of Magistrate Judge Judith Gail Dein (Docket No. 36) and the objection thereto filed by the Plaintiff (Docket No. 37), the Court accepts and adopts the R & R to allow Defendant's motion to dismiss the Plaintiff's claims 1) against MJNC for lack of personal jurisdiction, 2) for unjust enrichment and 3) for untrue and misleading advertising in violation of Mass. Gen. Laws ch. 266, but rejects the R & R to dismiss the Chapter 93A claim and to allow the Defendants' motion to strike. As a consequence,

-1-

Defendants' motions to dismiss the Chapter 93A claim and to strike will be denied.

## I.     Economic Injury Requirement Under Mass. Gen. Laws ch. 93A

The Magistrate Judge is correct that <u>Rule</u> v. <u>Fort Dodge Animal Health, Inc.</u> stands for the proposition that overpayment for a product is not a recoverable injury where the plaintiff no longer has the product in her possession and did not suffer physical injury or property damage because of the product.  <u>See</u> 607 F.3d 250, 255 (1st Cir. 2010).

The present case is, however, distinguishable from the facts in <u>Rule</u> and the cases that the First Circuit Court of Appeals relied upon in <u>Rule</u>.  In those cases, the plaintiffs did not make a conscious choice to pay more for a product because of a specifically advertised feature, as is the case here.  Rather, in those cases, the plaintiffs purchased and used a product, only to discover after the fact that there were undisclosed health or safety risks to using the products.  The First Circuit held in <u>Rule</u> that overpayment for such a product was not injurious unless the plaintiff was either physically injured by the product or still using the product and exposed to the undisclosed risk.  607 F.3d at 255.

Here, the plaintiff made the calculated decision to pay more for the product because of her understanding that the formula was the only one that contained two specific nutrients.  These facts

-2-

are much more analogous to those in Aspinall v. Philip Morris Cos., Inc., in which the plaintiffs consciously paid more for "light" cigarettes because of the defendant's advertising that they were less unhealthy than regular cigarettes.  813 N.E. 2d 476, 488-89 (Mass. 2004).  The Massachusetts Supreme Judicial Court ("SJC") held that the overpayment was recoverable economic injury under Chapter 93A if the advertisement was proven to be false.

The Rule case calls into question the holding in Aspinall, stating that the SJC had moved away from the "per se" injury concept applied in Aspinall.  Rule, 607 F.3d at 254.  A careful reading of the cases the First Circuit relied on in Rule, however, reveals that those cases do not move away from Aspinall but are merely distinguishable from that case.  Aspinall has not been overruled.  Id. at 255.

Thus, the Court rejects the Magistrate Judge's recommendation that the Chapter 93A claim be dismissed for failure to plead injury.

**II.  Unfair or Deceptive Conduct in Violation of Mass. Gen. Laws ch. 93A**

The Defendants maintain that the Plaintiff's claim under Chapter 93A should be dismissed for failure to state a claim upon which relief can be granted because the Plaintiff does not allege unfair or deceptive conduct.

**A. Motion to Dismiss Standard**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken.  Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied.  See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not, however, applicable to legal conclusions.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action.  Id.  Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to

warrant an inference of any more than the mere possibility of misconduct.  Id. at 1950.

**B.   Application**

An act or practice is deceptive if it has the "capacity or tendency" to deceive.  Abruzzi Foods Inc. v. Pasta & Cheese Inc., 986 F.2d 605, 605 (1st Cir. 1993).  A deceptive act or practice is one that could be found "to have caused a person to act differently from the way he [or she] reasonably would have acted."  Aspinall, 813 N.E. 2d at 486.

The Court finds that the Plaintiff has properly pled unfair or deceptive conduct and, for that reason, the Defendants' motion to dismiss this claim pursuant to Fed. R. Civ. P. 12(b)(6) will be denied.  Specifically, the complaint cites print advertisements (and, in one instance, a direct mailing) stating that:

1)   [Enfamil LIPIL® is] the only formula shown in published independent clinical studies to: . . . improve brain development [and] improve eye development;

2)   [Enfamil LIPIL® is] the only infant formula that's clinically shown to improve vision;

3)   Enfamil LIPIL's unique formulation is not available in any store brand; and

4)   Only Enfamil has LIPIL, our blend of DHA and AHA, important nutrients found in breast milk.

The Plaintiff alleges that these statements are deceptive because other brands of infant formula contain DHA and ARA in

amounts at least equal to Enfamil LIPIL®.  Such statements could certainly be found "to have caused a person to act differently from the way he [or she] reasonably would have acted."  See Aspinall, 813 N.E. 2d at 486.  A jury could, therefore, find that these statements are deceptive.

The Defendants cite Adamson v. Ortho-McNeil Pharm., Inc., a case in which advertisements describing a drug as a "therapeutic equivalent" were not found to be deceptive.  463 F. Supp. 2d 496, 502 (D. N.J. 2006).  That case is distinguishable, however, because in Adamson, the United States District Court for the District of New Jersey held that the advertisements were not misleading because they were accurate and the phrase "therapeutic equivalent" was commonly understood as distinguishing between drugs.  Id.  In contrast, a jury could find that the Plaintiff here was reasonable in relying on the allegedly deceptive language in the Defendants' advertisements in the manner that she did.

The Defendants also claim, unpersuasively, that the challenged advertisements are "puffery".  "Puffery" involves "outrageous generalized statements, not making any specific claims, that are so exaggerated as to preclude reliance by consumers."  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 246 (9th Cir. 1990) (internal quotations omitted)("Cook").  At least some of the challenged

advertisements make sufficiently specific statements of fact that a consumer could reasonably assume were accurate.  The statements in Cook were much more vague and general than those in the instant case.  For example, one of the challenged statements in Cook was that "we're the low cost commercial collection experts".  Id. at 246.  That could only be interpreted as an indefinite statement of opinion.  In contrast, the challenged advertisements in the case at bar imply that Mead Johnson possesses data and hard facts to substantiate its assertions.

### III. Pleading Requirement

The Defendants also argue that the complaint fails to satisfy the heightened pleading requirement for fraud under Fed. R. Civ. P. 9(b).

#### A. Heightened Pleading Requirement for Fraud

Under Fed. R. Civ. P. 9(b), a plaintiff must plead the "time, place and content of an alleged false representation." McGinty v. Beranger Volkswagen, Inc., 633 F.2d 226, 228 (1st Cir. 1980).  A claim under Chapter 93A that involves fraud is subject to the heightened pleading requirement.  Crisp Human Capital Ltd. v. Authoria Inc., 613 F. Supp. 2d 136, 139 (D. Mass. 2009).

In the instant case, the Plaintiff's claim for unfair or deceptive acts or practices under Chapter 93A involves fraud because the Plaintiff claims that she relied on the Defendants' false representations.  Thus, this claim is subject to the

heightened pleading requirement under Fed. R. Civ. P. 9(b).

### B.   Application

The Plaintiff has pled her Chapter 93A claim with sufficient particularity under the general pleading requirement in Fed. R. Civ. P. 9(b).  Her failure to allege 1) the exact amount of her loss, 2) which of the advertisements are untrue as opposed to misleading or 3) that another brand had been clinically proven to improve visual and mental development are not required by the rule because she has sufficiently pled the time, place and content of the alleged false representations.  See McGinty, 633 F.2d at 228.

Although the Plaintiff does not specifically allege the dates of the challenged advertisements in her complaint, she states that the class consists of Massachusetts residents who purchased the product from September 25, 2005 to the present.  It is at least implied that this is the time period within which the challenged advertisements were allegedly published.  Moreover, the Plaintiff included with her complaint dated copies of the print advertisements, direct mailing and information on the Mead Johnson website.  Thus, the Plaintiff has sufficiently pled the time of the alleged misrepresentations, as required by Rule 9(b).  See Romani v. Shearson Lehman Hutton, 929 F.2d 875, 878 (1st Cir. 1991)(stating that the time of the alleged false statements was sufficiently pled by identifying the materials containing those

statements).

The Plaintiff alleges in her complaint that 1) certain advertisements, which she quotes, were false and misleading and 2) she chose to pay a higher price for the Defendants' product because of her reliance on those advertisements.  Thus, the Plaintiff has pled the required elements of a claim under Chapter 93A, namely that the defendant's actions 1) fell "within at least the penumbra of some common-law, statutory, or other established concept of unfairness," or were "immoral, unethical, oppressive or unscrupulous," and 2) resulted in "substantial injury to [consumers or other businesspersons]."  Boyle v. Int'l Truck & Engine Corp., 369 F.3d 9, 15 (1st Cir. 2004).

The Plaintiff's failure to plead scienter was fatal to her claim for untrue and misleading advertising under Mass. Gen. Laws ch. 266, § 91.  It does not defeat her claim under Chapter 93A, however, because such a claim does not require that the defendant knew or should have known that its advertisements were misleading.  Westlands Grp., Inc. v. Lawler, No. 014058, 2005 WL 1683887, at *6 (Mass. Super. May 25, 2005); see also U.S. Funding, Inc. of Am. v. Bank of Boston Corp., 551 N.E. 2d 922, 925 (Mass. App. Ct. 1990)("the concept of unfair or deceptive acts or practices made actionable by G.L. c. 93A goes far beyond the scope of the common law action for fraud and deceit" (internal quotations omitted)).

For those reasons, the Plaintiff has sufficiently stated a claim for a violation of Chapter 93A upon which relief can be granted. The Court will, therefore, deny the Defendants' motion to dismiss with respect to that claim. Accordingly, the Defendants' motion to strike the allegations in the complaint will also be denied.

### ORDER

In accordance with the foregoing, the Report and Recommendation (Docket No. 36) is

1) with respect to the issue of this Court's personal jurisdiction over Mead Johnson Nutrition Company ("MJNC"), the unjust enrichment claim and the claim for untrue and misleading advertising in violation of Mass. Gen. Laws ch. 266, **ACCEPTED** and **ADOPTED,** but

2) with respect to the Mass. Gen. Laws ch. 93A claim and the Defendants' motion to strike, **REJECTED.**

As a consequence,

A. Defendants' motion to dismiss (Docket No. 16) is

1) with respect to Plaintiff's claims a) against the Defendant MJNC, b) for untrue and misleading advertising in violation of Mass. Gen. Laws ch. 266 and c) for unjust enrichment, **ALLOWED,** but

2) with respect to Plaintiff's claim for violation of the Massachusetts Consumer Protection Act (Mass. Gen. Laws ch. 93A), **DENIED;** and

B. Defendants' motion to strike (Docket No. 19) is **DENIED.**

**So ordered.**                        /s/ Nathaniel M. Gorton
                                       Nathaniel M. Gorton
                                       United States District Judge

Dated September 30, 2010